UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 15, 2007

Memo To Counsel Re: Timothy O'Shea v. County Commissioners
Civil No. JFM-06-1436

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion for award of attorneys' fees and expenses.

In order for attorneys' fees and expenses to be awarded in favor of a defendant under 42 U.S.C. §1988, a "plaintiff's action . . . [must be] frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 435 U.S. 412, 421 (1978)). Here, with the exception of the claim asserted in count XII under 42 U.S.C. §1985(3) (discussed briefly below), plaintffs' claims in this action were not "frivolous, unreasonable, or without foundation." I dismissed the federal claims (other than the claim under §1985(3)) only after considerable thought and analysis on the limited ground that the facts alleged by plaintiffs were insufficient to support their conclusory averment that the Count Commissioners had acted intentionally. I note that although defendants now say the case law requring intentional misconduct is clear, they did not themselves base their motions on it. I identified the issue myself during the course of the hearing.

Being of the view that plaintiff's state law claims raise questions of Maryland law and policy that should be resolved in the Maryland courts, I did not address those claims. While I continue to express no view on the ultimate merit of those claims, I certainly do not find that they are frivolous or unreasonable.

The claim asserted by plaintiff in count XII under §1985(3) was without foundation. However, after defendants moved to dismiss it, plaintiffs immediately indicated that they would withdraw it. Although plaintiffs had not formally done so by the time of the hearing, it was evident that they were abandoning the claim and defendants were not justified in preparing for oral argument on it. To the extent that defendants now seek attorneys' fees and expenses in connection with preparing this memorandum in support of their motion to dismiss, I note that they have not segregated the fees and expenses they incurred solely in connection with that work. Had they done so, the fees I would have awarded would have been extraordinarily modest because little research and writing were required to demonstrate the meritlessness of the claim.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed

as an order.

        Very truly yours,


        /s/


        J. Frederick Motz
        United States District Judge